UNITED STATES *v.* GILLESPIE and another, Ex'r's, etc.

*(Circuit Court, D: New Jersey.* November 1, 1881.)

1. EQUITY—JURISDICTION—TRUSTS UNDER A WILL.

    A court of equity has jurisdiction over a bill by a *cestui que trust,* to have the will construed; the directions of the court to the trustees and executors in regard to the proper method of executing the trust; and, as auxiliary to this, to have an account rendered to enable it to ascertain what is the residue of the estate available for the purposes of the trust.

*A. Q. Keasbey,* Dist. Atty., and *Edwards Pierrepont,* for complainant.

*R. Gilchrist* and *Cortlandt Parker,* for defendants.

Before McKENNAN, C. J., and NIXON, D. J.

NIXON, D. J. The bill of complaint is filed in this cause against the executors of Joseph L. Lewis, late of Hoboken, in the county of Hudson and state of New Jersey, deceased, and it alleges that the said Lewis departed this life on or about the fourth day of March, 1877,

having first duly made and executed his last will and testament, bearing date October 1, 1873, and a codicil thereto, dated June 5, 1875, by which will and codicil, after certain specific bequests, he devised and bequeathed all the residue of his estate as follows:

"I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, and of every kind whatsoever, of which I may die seized and possessed, and to which I may be at my death entitled, unto my executors, in trust, to expend and apply in reducing the national debt of the United States of America, contracted in the course of the rebellion of 1861. In the execution of this trust my executors, as trustees, may use their discretion as to the manner of applying the said residue and remainder of my estate to the reduction of the said debt; but I strictly enjoin them that they personally superintend the application of the said residue and remainder to the purpose aforesaid, that there may be as little waste of it as possible, and that it may not be diverted to other uses by dishonest officials."

It further alleges—

That the executors propounded the will for probate in the prerogative court of New Jersey about the fifteenth of May, 1877; that the same was admitted to probate, and letters testamentary granted thereon to the said executors on the twenty-ninth of May, 1878; and that they thereupon took on themselves the administration of the estate, and have thereby obtained the possession of and now hold United States bonds and securities, and other property of great value, belonging to the said Lewis at the time of his death.

The bill states various other matters, to which it is not deemed necessary to refer in this connection; and, after alleging that the will has created a trust in favor of the United States which the defendants are legally bound to execute, and that the United States has full right and power to enforce its performance in this court, it prays—

That an account of the estate of the testator, and of the receipts and disbursements of the executors, shall be taken and audited, and that the debts, legacies, and expenses remaining unpaid shall be duly paid, under the direction of the court, in due course of administration; that the amount of the net residue, applicable to the reduction of the national debt, shall be ascertained and settled; and that the executors shall bring the funds in their hands into the court to abide the administration thereof, and the decree to be rendered therein; and that it may be adjudged and decreed that the said bequest in favor of the United States is valid and operative; and that the defendants be decreed to execute the trust in regard to the residue of the estate; and that the defendants shall answer, state, and set forth how they propose to perform and fulfil the trust, after the residue of the estate has been ascertained; and that, if such proposal be satisfactory to the court, the defendants shall be authorized and directed, by the decree of the court, to execute the said trust in the manner so proposed; and that the complainant may have such other and further relief in the premises as the nature of the case may require.

To the bill the defendants have interposed six pleas, supporting the same by an .answer. They substantially allege;

(1) That the complainant has made no reasonable demand for the legacy or relief prayed for.

(2) That no suit can be maintained against an executor, in a court of equity, for a legacy, or other such relief as is prayed by the bill, on such allegations as are made in the bill, until a reasonable demand has been 'made for such legacy or relief, and that no reasonable demand has been made.

(3) That by the statute law of New Jersey no suit at law can be maintained for a legacy or bequest until after reasonable demand made upon the executor who ought to pay the same; and that no such demand has been made for any part of the relief prayed for, or for any action on the part of the executors, in relation to the discharge of their duties under the will.

(4) That no persons interested in the estate of a testator as legatee or *cestui que trust* can lawfully cite executors to account, alleging only the facts alleged in the bill of complaint, until after a year from the probate; and in case of a suspension of their authority by an appeal from the probate until one year after the affirmance of the probate; that in the present case the probate was granted May 29, 1880; that it was appealed from by John S. Cathcart and others on the first of June, 1880, and was affirmed by the court of errors and appeals, March 1, 1881; that said appeal suspended all rights and powers of the executors, except such rights and powers as they had before the probate; and that they were unable to sue, or be sued for or in respect of any matter stated in the bill, until they had an unsuspended authority for one year after probate, and that when the bill was filed, to-wit, June 7, 1881, they had had an unsuspended authority for only 102 days.

(5) That by the laws of New Jersey an order may be made by the ordinary, or other authority granting probate, that the executors of an estate give notice to creditors of the decedent to bring in their demands against the estate within nine months, on the expiration of which time the court may decree that all creditors who have not brought in their claims shall be barred; that such order was taken in this case, March 12, 1881, which was the earliest time that an effectual and undoubted order could be obtained in consequence of the suspension of their authority by the appeal; that until the date of the expiration of said order, to-wit, December 12, 1881, it cannot appear that there is any residue of the estate after paying creditors; that many persons have made claim to all, or a large portion, of the testator's assets, under deeds of trust and secret trusts created by testator before his death, not disclosed; and that these claimants to the *corpus* of the estate should be barred before any decree against the executors.

(6) That by statute no action can be brought, either at law or in equity, against executors within six months after probate granted, unless upon suggestion of fraud; and that six months has not elapsed from and after probate was granted to them of said will, within the meaning of said statute.

These pleas have been set down for argument under the thirty-third equity rule, and the respective parties have been fully heard. After

a careful consideration we are of the opinion that they must be over-ruled. They seem to have been founded upon a mistaken apprehension of the nature, character, and object of the bill of complaint. It is not a suit for a legacy or bequest, and hence the several statutes quoted, and the reasons for a stay of proceedings against executors in suits of that sort, have no application. The theory of the bill is that there is an estate in the course of administration in one of the courts of the state of New Jersey which the complainant desires to have administered here; that the defendants are the executors and trustees of the estate, and have the trust fund in their hands, to be disposed of according to the provisions of the will; that the complainant, as *cestui que trust*, is entitled to have the will construed by this court, and to have the directions of the court, to the executors and trustees, in regard to the proper method of executing the trust; and, as auxiliary to this, may require an account in order to ascertain what is the residue of the estate available for the purposes of the trust. The general jurisdiction of courts of chancery over questions of this kind, in the administration of estates, is undoubted, and such jurisdiction must be exercised by this court, sitting in equity, when the proper parties appear to invoke it. Entertaining this view it is not necessary to follow the counsel in their learned discussion of questions which are not involved in the subject-matter of the bill of complaint. But, perhaps, we ought to advert to the apprehensions expressed on the argument that the mere allowance of the suit might be construed into a reflection upon the conduct of the defendants. We do not so regard it. We find nothing in the bill suggesting unfaithfulness on their part, and look upon the proceeding as a request by the complainant that the court should aid the trustees in the discharge of their delicate and responsible duties, and should require only the exercise of such reasonable diligence as the condition of the estate and the circumstances of the case demand. With what speed they should be ordered to proceed is under the control of the court, to be determined on the answer, and not on the pleas; and it ought not to be assumed in advance that the court will make any order which will unreasonably subject the defendants to either hazard, loss, or practical inconvenience.

The pleas should be overruled, and it is ordered accordingly.